RECEIVED
IN LAKE CHARLES, LA.

FEB 18 2010

TONY R. MOORE, CLERK
BY _____
            DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| THE SWEET LAKE LAND AND OIL COMPANY, LIMITED LIABILITY COMPANY | : | DOCKET NO. 2:09 CV 1100 |
| VS. | : | JUDGE MINALDI |
| EXXON MOBIL CORPORATION, ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

IT IS ORDERED that the defendants' Motion to Reconsider[1] IS DENIED.

The defendants' motion for reconsideration is filed pursuant to Rule 54(b), which provides that when fewer than all claims are resolved, the district "court may direct the entry of a final judgment as to one or more" claims or parties, but in the absence of such a direction, any other form of decision "which adjudicates fewer than all the claims ... is subject to revision at any time before the entry of [final] judgment." "The district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C.1986 Ltd. Partnership v. Reade Mfg.*, 472 F.3d 1009, 1016 -1017 (8th Cir. 2007); *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1070 (8th Cir.1995). "Reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir.2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories,

---

[1] Exxon Mobil Corporation ("ExxonMobil") filed a Motion for Partial Reconsideration [doc. 40]. This motion was adopted by Vernon E. Faulconer ("Faulconer") [doc. 42] and Noble Energy, Inc. ("Noble") [doc. 45].

or arguments that could have been offered or raised before the entry of judgment." *Id.* at 478; *In re Favre,* 342 Fed.App'x. 5, 9 (5th Cir. 2009).

ExxonMobil points out in the argument in support of reconsideration that this court referred to one sentence from *M.J. Farms, Ltd. V. Exxon Mobil Corp.*[2] which was deleted from the opinion on rehearing. While the court acknowledges that quoting this sentence was an error, the omission of this sentence does not change the court's reasoning, nor the court's conclusion that Act 312 did not bar the plaintiff's recovery of private damages for groundwater contamination.

The court's citation to La. Rev. Stat. Ann. §30:2015.1 was not legal error. The court did not state that §30:2015.1 governs this case. This statute is an example contradicting ExxonMobil's argument that Louisiana law does not permit any private citizen to pursue any private damages for groundwater remediation.

ExxonMobil further re-urges arguments that were rejected by the court in the initial opinion. The court will not revisit those arguments.

Lake Charles, Louisiana, this _18_ day of February, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[2]   07-2371 (La. 7/1/08), 998 So. 2d 16.