THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SWEET LAKE LAND & OIL CO., LLC** | : | **DOCKET NO. 09-cv-1100** |
| **VS.** | : | **JUDGE MINALDI** |
| **EXXON MOBIL CORP, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## ORDER

Plaintiff brought this suit to recover damages associated with the cleanup of contamination allegedly left on its property by defendants' oil and gas operations. Doc. 1. On or about March 18, 2010, plaintiff sent written interrogatories and requests for production to defendant Vernon E. Faulconer, Inc. ("Vernon"). Doc. 65, att. 1. Five months later, plaintiffs had not yet received the discovery responses requested. *Id.* Plaintiff then filed a motion to compel the responses and included therein a request for "costs and attorneys' fees in filing this motion, and all other relief as may be warranted." Doc. 65. On October 18, 2010 the court granted the motion to compel and ordered that Vernon produce responses to the discovery requests by October 29, 2010, along with "a memorandum suggesting to the court why it should not award costs and attorney fees" to plaintiff. Doc. 73. The court has taken Vernon's memorandum [doc. 74] under consideration.

When a party fails to respond to a discovery request, the requesting party may move to compel a response. Fed. R. Civ. Proc. 37(a)(3)(B). If the party's failure to respond involves, for example, a "cavalier disregard for the discovery process" or a "lackadaisical approach to discovery," an award of fees and costs may function as the appropriate remedy under Rule 37(a)(3)(B). *Fuselier v. Gusman*, No. 08-3974, 2009 WL 1067036, at *6 (E.D. La. Apr. 21, 2009).

For the reasons stated in defendant's memorandum in reply to this court's order on the issue of sanctions [doc. 74] the court finds that, although mistaking the urgency of the matter, defendant's error of judgment did not rise to the level of "cavalier disregard" or a "lackadaisical approach" to the discovery process.  Because the court finds that defendant's failure to respond was not made to vex or frustrate the court, we conclude that an award of fees and costs are not warranted pursuant to Rule 37(a)(3)(B).

Pursuant to Fed. R. Civ. Proc. 37(b)(2)(C), "reasonable expenses, including attorneys fees" must be awarded when a party fails to comply with a discovery order, "unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Here, defendant Vernon prepared and sent to counsel answers to interrogatories and responses to requests for production on October 25, 2010.  Doc. 74.  Because Vernon complied with the order of October 18, 2010 [doc. 73] and produced discovery before October 29, 2010, the court does not find that an award of fees and costs are warranted pursuant to Rule 37(b)(2)(C).

## *Conclusion*

Accordingly, plaintiff's request for attorney's fees [doc. 65] is DENIED.  IT IS SO ORDERED in chambers in Lake Charles, Louisiana this 7th day of December 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE