RECEIVED
IN LAKE CHARLES, LA
OCT 2 0 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| THE SWEET LAKE LAND & OIL COMPANY LLC | : | DOCKET NO. 2:09 CV1100 |
| VS. | : | JUDGE MINALDI |
| EXXON MOBIL CORP. | : | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Before the Court is a Motion for Partial Summary Judgment on filed by the defendant, Vernon E. Faulconer, Incorporated ("VEFI") [Doc. 165]. The plaintiff, Sweet Lake Land & Oil Co. ("Sweet Lake") filed an Opposition [Doc. 211], and VEFI filed a Reply [Doc. 231].

FACTS

In this lawsuit, Sweet Lake seeks compensation for environmental damages to its property located in Cameron Parish, Louisiana. The defendants are oil and gas companies who hold or previously held working interests in the Property. Sweet Lake alleges that the defendants' oil and gas exploration and production activities contaminated the soil and groundwater on the Property with produced water, drilling muds, and other hazardous materials. It seeks damages, or in the alternative, an injunction compelling the defendants to restore the Property.

VEFI acquired interest in a mineral lease granted by Sweet Lake to Albert Miller on July 17, 1972, which covered the north half of the northwest quarter and the west half of the northeast quarter of Section 8, Township 12 South, Range 6 West of Cameron Parish (the "Lease

1

Acreage").[1] It operated Sweet Lake Well No. 2 (Serial No. 144409) in the northeast quarter of section 8 from 1988 to 1989.[2]

In its Fourth Amended Complaint, Sweet Lake alleges, *inter alia*, that the "[d]efendants' operations on the Property contaminated the soil and groundwater . . . ."[3] VEFI now moves for partial summary judgment on the narrow issue of whether it contaminated the soil and groundwater in connection with its operation of Well No. 2.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). "Furthermore, the party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex*, 477 U.S. at 323). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Id.*

---

[1] *See* Pl.'s Mem. in Opp. to Def.'s Mot. Summ. J. Ex. 2, Dep. of Jean Crawley 63-67 [Doc. 211-2].

[2] *Id.*

[3] Fourth Am. Compl. ¶ 10 [Doc. 253].

2

If the movant satisfies this burden, however, then the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Tubacex,* 45 F.3d at 954. In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). Ultimately, a grant of summary judgment is warranted when the record as a whole "could not lead a rational finder of fact to find for the non-moving party." *Id.*

## ANALYSIS

VEFI asserts that Sweet Lake has failed to produce any evidence that VEFI contaminated the soil or groundwater on the Property in connection with its operation of Sweet Lake Well No. 2. In particular, it points out that Sweet Lake's expert, Mark Moore, reported no contamination near that well.

Sweet Lake admits that Mr. Moore found no such contamination and points to no other evidence of contamination of the soil or groundwater surrounding Well No. 2.[4] Instead, in its Memorandum in Opposition to VEFI's Motion for Partial Summary Judgment, Sweet Lake argues that VEFI is solidarily liable with other defendants for contamination on other portions of the lease acreage and that VEFI left scrap equipment and other debris on the Property. These arguments, however, are not pertinent to the narrow ground on which VEFI seeks summary judgment.

---

[4] *See* Pl.'s Mem. in Opp. to Def.'s Mot. Summ. J. 1 ("To the extent that Faulconer seeks a summary judgment that Mark Moore, The Sweet Lake Land and Oil Company's environmental expert, did not find soil or groundwater contamination at the Sweet Lake Well No. 2 (serial number 144409) (the "Well"), then Sweet Lake admits that he did not find such contamination at the Well and that it is not making a claim for such contamination at the Well.")

3

Accordingly, VEFI's Motion for Partial Summary Judgment will be granted.

Lake Charles, Louisiana, this 19 day of October 2011.

_____
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

4